Harold WEISBERG, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Defendant.

Civ. A. No. 75–1996.

United States District Court,
District of Columbia.

Aug. 7, 1989.

James H. Lesar, Washington, D.C., for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Jay B. Stephens, U.S. Atty., Elizabeth A. Pugh, Owen B. Cooper, Dept. of Justice, Washington, D.C., for defendant.

OPINION

JUNE L. GREEN, District Judge.

Mr. Harold Weisberg's claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982), have been decided and affirmed, including his basic fee entitlement which has been paid. *Weisberg v. U.S. Dept. of Justice*, 745 F.2d 1476 (D.C. Cir.1984). In a subsequent effort to enlarge plaintiff's fee recovery, the Court of Appeals remanded the action for proceedings to determine "whether the private market compensates attorneys in contingent fee cases differently as a class, or whether Weisberg would have been unable to obtain counsel without a contingency enhancement." *Weisberg v. U.S. Dept. of Justice*, 848 F.2d 1265, 1272–73 (D.C.Cir. 1988). This determination is controlled by the guidelines Justice O'Connor set forth in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air* ("*Delaware Valley* II"), 483 U.S. 711, 731, 107 S.Ct. 3078, 3089, 97 L.Ed.2d 585 (1987) (O'Connor, J., concurring in part and concurring in the judgment). *Weisberg*, 848 F.2d at 1272.

Upon remand, plaintiff filed a brief supporting his demand for fee enhancement and for a supplemental award of fees. Relying upon the *Delaware Valley* II standard, he asserts first, "that without an adjustment for risk the prevailing party 'would have faced substantial difficulties in finding counsel in the local or other relevant market,'" *Weisberg*, 848 F.2d at 1272 (quoting *Delaware Valley* II, 483 U.S. at 733, 107 S.Ct. at 3091), and second, "that the market rate of compensation for contingent fee cases *as a class* is different from cases in which compensation is certain, win or lose." *Id.* Plaintiff supports these contentions by reference to recent fee awards in other matters before this district court, as well as numerous affidavits reflecting contingent fee practice in the Washington area. Included among these is the plaintiff's own statement, detailing his many failed efforts to secure counsel in this and other FOIA litigation.

The government opposes plaintiff's enhancement request, arguing that reasonable attorney fees need no enhancement for contingency under FOIA—which, by design, does not contemplate enhancements. Further, it asserts that the plaintiff has failed to satisfy the *Delaware Valley* II requirements, in that he proves neither exceptional difficulty in obtaining representation without the prospect of contingency enhancement as a lure to counsel, nor that cases like his command a substantial risk premium in the relevant market. For these reasons, the government cautions that an

award in this case will enlarge greatly the *Delaware Valley* II standard, and urges denial of the claim.

### Findings of Fact and Conclusions of Law

The Court finds that there is overwhelming proof that contingent fee cases against the government are eschewed by the trial bar unless the retainer has one of two features: either that the client will make part payment to mitigate losses if the action is unsuccessful, or that an enhancement fee may be recovered from the government if the plaintiff prevails.

Plaintiff filed with his brief 36 affidavits from representative attorneys, some large firms, and some sole practitioners, all practicing in the Washington, D.C. area. They all deal with fee-shifting cases but most are concerned with civil rights or Title VII actions. All these affidavits indicate the need for enhancement fees since these counsel would refuse to take the case on a straight contingency.

Ten affidavits were filed by potential clients who indicated their inability to obtain counsel on a straight contingent fee basis. The government filed no affidavits in response to either group but argued that FOIA was a separate and distinct category so the affidavits were inapplicable.

The Court disagrees. The issue has been resolved already by our own United States Court of Appeals in a recent Title VII case:

> We hold that the "relevant market" in this case is composed of all contingency claims in the District of Columbia, particularly other types of complex federal litigation at the time the case was undertaken by counsel.... Throughout her concurrence, Justice O'Connor [in *Delaware Valley* II] referred to "the class" of contingency cases, without suggesting that the class should be restricted according to the subject matter of the plaintiff's complaint. *See, e.g.*, [483 U.S. at 732–33] 107 S.Ct. at 3090.

*Alfred U. McKenzie v. Ralph Kennickell, Jr.*, 875 F.2d 330, 334 (D.C.Cir.1989). Quoting from an age discrimination case, the Court of Appeals concluded:

> 'It does not appear that Justice O'Connor ... contemplated that the class of cases to be studied be anything less than all contingency cases in a given geographic market....'

*Id.* (quoting *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 381 (3d Cir.1987)).

The Court finds that the relevant market in the District of Columbia, both now and at the time plaintiff's counsel undertook this case, demands a premium for the risk inherent in contingency arrangements, and that without enhancement for risk plaintiff would have faced substantial difficulty in finding counsel, "irrespective of whether plaintiff[ ] actually did encounter difficulty in locating counsel, or whether the particular counsel ultimately secured by plaintiff[ ] entered the case with the subjective expectation of a contingency enhancement." *McKenzie*, 875 F.2d at 339.

For these reasons, the Court will award Mr. Weisberg additional counsel fees for work to date, and then subject the entire fee to 50 percent enhancement. Plaintiff seeks an enhancement of 100 percent and the affidavits supporting his motion suggest that counsel in this market area frequently make such a demand. However, the Court's concern is not simply with fitting the range of fees demanded by the market, but with assessing a "reasonable" enhancement, *Delaware Valley* II, 483 U.S. at 732, 107 S.Ct. at 3090 (O'Connor, concurring in part and in judgment), which is no more than that "necessary to bring the fee within the range that would attract competent counsel." *Id.* The Court finds that a 50 percent enhancement satisfies that demand in this case, and local experience supports such a conclusion. *See McKenzie*, 875 F.2d at 336 (finding that 50 percent enhancement in a wholly contingent risk case was not excessive).

### Conclusion

For the reasons set forth above, the Court grants plaintiff Harold Weisberg's application for a supplemental award of fees incurred in connection with litigating the issue at hand, and further awards him

an enhancement of the revised sum total of his attorney fees at the rate of 50 percent.